SLOAN POWELL *vs.* AARON BAGG.

If the owner of land, while on the land, forbids the owner of adjoining land to enter thereon, and orders him off while there for the purpose of repairing an aqueduct under claim of an easement in the aqueduct by adverse possession, such verbal orders, though unaccompanied by further acts, are admissible in evidence of an interruption of the easement.

ACTION OF TORT for breaking and entering the plaintiff's close in Lanesborough, and digging up the soil, on the 16th of July 1855. The defendant admitted the entry and digging, and claimed the right to do so to repair an aqueduct laid down across the plaintiff's land.

At the trial in the court of common pleas at October term 1856 before *Bishop*, J., the defendant called Oren J. Farnum, under whom the plaintiff claimed title, who testified " that about thirty eight years ago the defendant laid down this aqueduct, which conveyed water from a spring on the land of his father, John Farnum, across the *locus*, to the house and barn of the defendant; that said aqueduct was first of logs, and, some years after, lead pipes were laid down in their place; that from the time the aqueduct was laid down to the time of the alleged trespass the defendant had enjoyed said aqueduct, and from

time to time, as occasion required, entered upon the plaintiff's land and made repairs; that he had never heard any objection by the owners or occupants of the land."

There was evidence tending to show that the plaintiff had forbidden the defendant's entry upon the premises for the purpose of repairing the aqueduct; and had ordered him and his servants off, when there, making repairs. The plaintiff requested the judge to instruct the jury "that, as respects the pacific and uninterrupted character of the enjoyment or user, by the civil law, any enjoyment or user was deemed forcible to which opposition was offered, either by word or deed, by the owner of the servient tenement." The judge refused to give such instruction, and instructed the jury "that words, however strongly denying the rights claimed by the defendant, or forbidding their exercise, unaccompanied by any act or deed, were not an interruption of the defendant's user and enjoyment;" and "that if they found, from all the evidence in the case, that the defendant had used said aqueduct, conveying water as now, either in logs or in lead pipes, across the plaintiff's land, and had used the same continually and uninterruptedly for more than twenty years before the trespass complained of; that this was known to the owners of the land, and the defendant had entered and made repairs from time to time, with their knowledge, and there was no further evidence, either of permission or of dissent, during the whole time, on the part of the owners of the land, the jury might presume that said user was adverse, and under a claim of right thereto." The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*M. Wilcox*, for the plaintiff.

*J. Rockwell*, for the defendant.

BIGELOW, J. The right which the defendant claimed in the plaintiff's land was to enter and dig up the soil for the purpose of repairing an aqueduct, which conducted water to the defendant's premises. This right was not founded on an express grant, but on adverse user and enjoyment of more than twenty years. Upon the question of a title to an easement thus acquired, it was clearly competent to show that, when the defendant

attempted to exercise it, he was forbidden by the owner to enter on the land, and that he and his servants were ordered off of the premises. If this was proved to have been done by the plaintiff in good faith, as an assertion of his own absolute title to the land and a denial of any right of the defendant therein, it tended to negative the defendant's prescriptive title to the user and enjoyment of the easement to enter and dig up the soil. It was not necessary for the plaintiff to commit an assault and battery on the defendant or his servants, or to use actual force to eject them from the premises, in order to disturb and break the continuity of possession or use, and prevent it from ripening into a title by lapse of time. An easement in the land of another can be acquired by adverse user only, with the acquiescence of the owner of the land in its exercise under a claim of right, *per patientiam veri domini, qui scivit et non prohibuit, sed permisit de consensu tacito.* Bract. lib. 2, c. 23, § 1. 2 Greenl. Ev. § 539. *Sargent* v. *Ballard,* 9 Pick. 254. *Arnold* v. *Stevens,* 24 Pick. 112. See also *Monmouthshire Canal* v. *Harford,* 5 Tyrwh. 85, and 1 Cr., M. & R. 631.

From such use of an easement for twenty years, the law will presume a non-appearing grant. But before the lapse of that period, if the owner of land, by a verbal act on the premises in which the easement is claimed, resists the exercise of the right and denies its existence, the presumption of a grant is rebutted, his acquiescence in the right claimed is disproved, and the essential elements of a title to an easement by adverse use are shown not to exist. On this point, the instructions given to the jury were defective, and tended to mislead them in applying the evidence to the rule of law, on which the title of the defendant to the easement depended. They should have been told, and this is the precise point on which we sustain the exceptions, that if it was proved that, before the expiration of twenty years from the time when the right was first claimed, the plaintiff, being on the land upon which the defendant entered for the purpose of subverting the soil, there forbade him to exercise his right, and ordered his servants to desist, it was sufficient to warrant the jury in finding that the plaintiff had not acquiesced in

the adverse use of the easement, and that the defendants had not acquired a title thereto.

This is not a case where a title to land is claimed by adverse possession, and where the true owner is disseised. If such disseisin continues for the requisite period, the presumption of a grant will arise, and a mere verbal prohibition to occupy the premises may not be sufficient without an entry to rebut that legal presumption. The owner, in that case, would still be disseised. But the title to an easement by adverse user stands on different ground. The owner remains in possession of the premises; there is no disseisin; the title rests chiefly on his acquiescence in the adverse use, and evidence which disproves such acquiescence rebuts the title to the easement.

*Exceptions sustained.*